# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT LANE BROWN,<br>LAURIE ANN BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br>CSAA FIRE & CASUALTY INSURANCE<br>COMPANY, a foreign for profit Insurance<br>Corporation,<br><br>    Defendant. | Case No. 18-CV-60-GKF-FHM |

## OPINION AND ORDER

The deposition of Defendant's claim supervisor ended after a little more than 3 hours of testimony when the witness perceived that Plaintiff's counsel was "smiling and kind of cracking up a little bit." The parties now bring competing motions to terminate or resume the deposition under Fed.R.Civ.P. 30(d)(3). [Dkts. 41 and 42].

The court has read the transcript of the deposition and reviewed the video portion of the deposition provided by the Plaintiff. Based upon that review, the court concludes that the deposition should be resumed because Plaintiff's counsel's conduct of the deposition did not unreasonably annoy, embarrass, or oppress the deponent. This conclusion, however, should not be seen as a complete endorsement of Plaintiff's attorney's conduct. At times during the deposition, Plaintiff's attorney asked clearly relevant questions in an appropriate manner. However, at other times, Plaintiff's attorney's questions were not clearly relevant, were repetitious, and often times were preceded by improper comments.

In other words, both Plaintiff's attorney and the witness bear some responsibility for this problem. At the resumed deposition, both Plaintiff's attorney and the witness shall avoid the conduct which led to this dispute.

The Plaintiff's *Motion to Compel the Continued Deposition of Courtney Powell; Motion for Costs and Sanctions*, [Dkt. 41], and Defendant's *Motion for Protective Order and for Sanctions,* [Dkt. 42], are GRANTED in part and DENIED in part. Each side will bear their own fees and costs related to this motion.

IT IS SO ORDERED THIS 4th day of April, 2019.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE